# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CATHERINE GERTRUDE McCABE, | \* | |
| | \* | No. 13-570V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | Filed: June 26, 2015 |
| | \* | |
| SECRETARY OF HEALTH | \* | Stipulation; Interim Attorneys' |
| AND HUMAN SERVICES, | \* | Fees and Costs; Award in the |
| | \* | amount to which respondent |
| Respondent. | \* | does not object. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Thomas P. Gallagher, Somers Point, NJ, for petitioner;
Glenn MacLeod, United States Dep't of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

On August 12, 2013, Catherine Gertrude McCabe filed a petition for compensation alleging that the influenza vaccine, which she received on September 11, 2010, caused her to suffer "numerous health issues that have lasted more than six months." Pet. at ¶1. While the question of whether petitioner is entitled to any compensation remains pending, petitioner's attorney, Mr. Thomas P. Gallagher, filed a status report stating that he would no longer be practicing in the Vaccine Court. Pet'r's Status Rep., filed Apr. 29, 2015.

On June 22, 2015, respondent filed a stipulation of fact concerning interim attorneys' fees and costs in the above-captioned matter. Previously, petitioner informally submitted a draft application for interim attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

objections to certain items. Based on subsequent discussions, petitioner amended her application to request $22,500.00. Under the circumstances, respondent has elected not to raise her objections under Avera and Section 15(e)(1) of the Vaccine Act, and does not object to an amount of $22,500.00. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343 (Fed. Cir. 2008). The Court awards this amount.

## ANALYSIS

Broadly speaking, there are two issues. The first is whether petitioner/Mr. Rooney should receive any attorneys' fees and costs at this time. The second question is assuming that some award is appropriate, what is a reasonable amount.

## I.      Should Petitioner Be Awarded Attorneys' Fees and Costs on an Interim Basis?

In Avera v. Sec'y of Health & Human Servs., the Federal Circuit stated that awards of attorneys' fees and costs on an interim basis are permitted in the Vaccine Program. 515 F.3d 1343, 1352 (Fed. Cir. 2008). Although the Secretary has argued that the circumstances in which Avera permits an award of attorneys' fees and costs on an interim basis are relatively narrow in other cases, the undersigned has disagreed with this argument. See, e.g., Nuttall v. Sec'y of Health & Human Servs., No. 07-810V, 2011 WL 5926131, at *2 (Fed. Cl. Spec. Mstr. Nov. 4, 2011) (citing cases).

A subsidiary question is whether an interim award should be made in this case, which is a matter of discretion. This question turns on the circumstances of this case.

To be eligible for any award of attorneys' fees and costs, petitioner must satisfy the standards for good faith and reasonable basis. See 42 U.S.C. § 300aa—15(e) (2012). Dr. Axelrod's report (exhibit 16) fulfills the reasonable basis standard in this case. Moreover, the Secretary does not contend petitioner brought the claim without a reasonable basis or in bad faith.

Another question is whether an award of attorneys' fees and costs should be made now, that is, on an interim basis. This issue involves consideration of various factors, including protracted proceedings, costly experts, and undue hardship. Avera, 515 F.3d at 1351-52; McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 300-01 (2011) (discussing Avera factors).

The Secretary has elected not to raise an objection under <u>Avera</u> here.  The undersigned concludes the circumstances where interim fees should be awarded as contemplated by <u>Avera</u> are present here.  Accordingly, petitioner is entitled to interim attorneys' fees and costs.

## II.   What Is A Reasonable Amount of Attorneys' Fees and Costs?

The second issue is determining a reasonable amount for attorneys' fees and costs.  Mr. Gallagher seeks $22,100.00 in attorneys' fees and costs.  Additionally, in compliance with General Order No. 9, petitioner states that she incurred $400.00 out-of-pocket litigation expenses while pursuing this claim, for a total award of $22,500.00.  The Secretary does not object to an award of $22,500.00 for attorneys' fees and costs.

A review of the material indicates that the components of petitioner's request are reasonable.  She is awarded the amount to which the Secretary has not objected, $22,500.00.

## III.   Conclusion

Petitioner is entitled to an award of interim attorneys' fees and costs.  The special master determines that there is no just reason to delay the entry of judgment on interim attorneys' fees and costs.  Therefore, in the absence of a motion for review filed under RCFC Appendix B, the clerk of court shall enter judgment in petitioner's favor.

After reviewing the request, the Court awards the following:

a. **A lump sum of $22,100.00, in the form of a check made payable to petitioner and petitioner's attorney, Thomas P. Gallagher, for interim attorneys' fees and costs.**

b. **A lump sum of $400.00, payable to petitioner, Catherine Gertrude McCabe, for costs she incurred in pursuit of her petition.**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6360.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master